**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 2:25-cv-12321-AH-KES                    Date: February 4, 2026

Title: JAMES DAVID MABB v. VENTURA COUNTY SHERIFF'S DEPARTMENT

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

|  |  |
|---|---|
| <u>Jazmin Dorado</u> | <u>Not Present</u> |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **Order DISMISSING Plaintiff's Complaint Without Prejudice and with Leave to Amend**

**I.      BACKGROUND**

On December 23, 2025, James David Mabb ("Plaintiff") filed a <u>pro se</u> civil rights complaint against the Ventura County Sheriff's Department, a department of Ventura County ("Defendant").  ("Complaint" at Dkt. 1.)  Plaintiff has been granted leave to proceed <u>in forma pauperis</u> ("IFP") and waive the filing fee.  (Dkt. 5.)  When a Plaintiff proceeds IFP, 28 U.S.C. § 1915(a)(1) requires the court to dismiss the case at any time upon a determination that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  <u>Id.</u> § 1915(e)(2).

The Court has reviewed the Complaint and, for the reasons explained below, finds that it fails to state a claim against Defendant.  The Complaint is therefore

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                      Date: February 4, 2026
                                                                                      Page 2

dismissed without prejudice and with leave to amend.

## II.   LEGAL STANDARD

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended).  To determine whether a complaint states a claim, the court assumes that the facts alleged in the complaint are true and interprets those facts in the light most favorable to the plaintiff.  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Furthermore, where the plaintiff is appearing pro se, the court must interpret the complaint liberally and give the plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, the liberal pleading standard only applies to a plaintiff's factual allegations.  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Where the plaintiff is pro se, leave to amend should be granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts."  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                              Date: February 4, 2026
                                                                          Page 3

However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06; see, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## III.   DISCUSSION

### A.   Factual Allegations.

Plaintiff states only that, "[i]nside [the Ventura County Jail, he] was assaulted by multiple officers and charged for battery on a peace officer.[]12/23/2003 also did 9 years[,] 8 months['] term for … [t]ransportation for sale[] [of a controlled substance." (Dkt. 1 at 4.)  He alleges violations of 42 U.S.C. § 1982 and 18 U.S.C. § 242.  (Id. at 2.)  Plaintiff seeks $33 billion in compensatory and punitive damages. (Id. at 4.)

### B.   Plaintiff Has Not Provided Enough Facts to Satisfy FRCP 8.

Federal Rule of Civil Procedure ("FRCP") 8 requires a complaint to include (1) "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," and (2) "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(2)-(3).  The reader must be able to "determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff's use of the verb "assaulted" leaves much to the imagination—does he intend to convey that a verbal altercation took place, or was he physically assaulted and, if so, how?  For example, was he kicked, spat upon, or wrestled to the ground?  What led to the "assault"?  To the extent Plaintiff is arguing that the officers used excessive force against him, it is unclear whether he is asserting a claim under the Eighth Amendment as a prisoner or the Fourteenth Amendment as a pretrial detainee.  The only date Plaintiff has provided is December 23, 2003, but from the limited facts alleged, it is unclear what specifically occurred on that date.  Finally, the Court cannot tell how the drug conviction is related to the apparent

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                    Date: February 4, 2026
                                                                                        Page 4

assault and subsequent charge for battery on a peace officer.  There are nowhere near enough grounding facts here to satisfy the requirements of FRCP 8.

### C.      Plaintiff Has No Civil Remedy Under 18 U.S.C. § 242.

18 U.S.C. § 242 is "a criminal statute that deals with the violation of civil rights under color of law" but it "does not provide a civil cause of action."  Gomes v. City of L.A., No. 2:18-cv-08245-FMO-MAA, 2018 WL 4945691, at *2, 2018 U.S. Dist. LEXIS 174594, at *3-4 (C.D. Cal. Oct. 10, 2018) (citing Del Elmer v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997)).  As such, § 242 does not give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1047 (9th Cir. 2006).

To the extent Plaintiff seeks to bring criminal charges against Defendant, he cannot do so by filing a civil lawsuit.  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence[,] … a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Rather, "[c]riminal charges may only be brought by an appropriate prosecutorial authority … in its discretion."  Carter v. Yates, No. 2:15-cv-02679-JAM-KJN-PS, 2016 WL 3181203, at *2, 2016 U.S. Dist. LEXIS 74941, at *4 (E.D. Cal. June 8, 2016).  If Plaintiff wants someone to be charged with violating § 242 or another criminal statute, he can file a police report.

In other words, there are no additional facts that Plaintiff could allege to sustain this claim against Defendant in the present action.

### D.      Plaintiff's 42 U.S.C. § 1983 Claim Appears to Be Heck Barred.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff "cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff 'would necessary imply the invalidity of his conviction or sentence … unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"  Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (quoting Heck, 512 U.S. at 487).  Heck bars actions for both damages and equitable relief.  Wilkinson v. Dotson, 544 U.S. 75, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief)…— if success in that action would necessary demonstrate the invalidity of confinement or its duration.").  Dismissal based on Heck is appropriate

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                    Date: February 4, 2026
                                                                          Page 5

if Heck is "an obvious bar to securing relief on the face of the complaint." Id. at *13, 15 (quoting Washington, 833 F.3d at 1056).

Although Plaintiff provided few details in his Complaint, it appears that his allegations stem from Ventura Superior Court ("VSC") case nos. 2003043046 and 2003029046,[1] of which the Court takes judicial notice pursuant to Federal Rule of Evidence 201.[2]  According to publicly available court records in VSC case no. 2003043046, Plaintiff was charged with violating section 243(c)(2) of the California Penal Code for battery upon a peace officer on December 23, 2003, and he pled guilty to that crime on November 9, 2004.  (See Attachment 1.)  Additionally, publicly available court records in VSC case no. 2003029046 show that Plaintiff was charged with violating section 11379(a) of the California Health and Safety Code for transportation of a controlled substance on September 3, 2003, and he pled guilty to that crime on November 9, 2004.  (See Attachment 2.)  These two cases occurred within the timeframe Plaintiff alleges in his Complaint, and he pled guilty to both charges in state court on the same day.  Therefore, it is a reasonable inference that Plaintiff is discussing the events surrounding these two state court cases in his Complaint.

If that is true, then Plaintiff runs into a problem with Heck because a judgment in his favor in this Court on a claim alleging the peace officer he battered acted unlawfully would seem to imply the invalidity of his state court conviction in VSC case no. 2003043046.  The Complaint does not allege that his convictions were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of habeas corpus ...." Heck, 512 U.S. at 487.  Therefore, it appears that Plaintiff's § 1983 claim for excessive force (if against the officer he battered) is Heck barred.

---

[1] Publicly available information in Plaintiff's VSC case nos. 2003043046 and 2003029046 can be accessed online at: https://ventura.courts.ca.gov/online-services/case-inquiry.

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(a); see also Fed. R. Evid. 201(c)(1) (providing that the Court "may take judicial notice on its own").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-12321-AH-KES                           Date: February 4, 2026
                                                                      Page 6

### E.   Plaintiff's 42 U.S.C. § 1983 Claim Appears to Be Time Barred.

#### 1.   Applicable Law.

Federal civil rights claims arising under 42 U.S.C. § 1983 are subject to the forum state's statute of limitations for personal injury claims. Owens v. Okure, 488 U.S. 235, 236 (1989). In California, the applicable limitations period is two years. See Cal. Civ. Proc. Code § 335.1; Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007).

California's tolling provisions also apply. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Gossage v. Terrill, 586 Fed. App'x 393, 393 (9th Cir. 2014). California law provides for tolling for a period of up to two years based on the disability of imprisonment on certain criminal charges. See Cal. Civ. Proc. Code § 352.1. "Thus, an inmate who is entitled to section 352.1 tolling has four years to bring a section 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment." Ayala v. Ayers, No. 3:10-cv-00979-JSW, 2011 WL 4434541, at *2, 2011 U.S. Dist. LEXIS 107983, at *4 (N.D. Cal. Sept. 22, 2011).

In addition to prisoner statutory tolling, California also recognizes equitable tolling. See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (applying California's equitable tolling doctrine to § 1983 claims). The equitable tolling doctrine is an adjunct to the statutory tolling created by the California Legislature and is based on a recognition that the Legislature cannot "predict all of the circumstances that come within the purpose of the tolling exceptions." Lambert v. Commonwealth Land Title Ins. Co., 53 Cal. 3d 1072, 1078 (1991). Equitable tolling operates independently of section 352.1 "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003).

Generally, a plaintiff must meet three conditions to equitably toll a statute of limitations under California law: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                           Date: February 4, 2026
                                                        Page 7

in good faith." <u>Fink</u>, 192 F.3d at 916; <u>see</u> <u>Addison v. State</u>, 21 Cal.3d 313, 317 (1978) (applying equitable tolling when a plaintiff "possessing several legal remedies … reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage"). Ultimately, the availability of equitable tolling does not depend on satisfying an inflexible list of elements. Rather, it "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute." <u>Addison</u>, 21 Cal. 3d at 321.

> **2.      Analysis.**

The only date Plaintiff has provided in his Complaint is December 23, 2003. (Dkt. 1 at 4.) On the facts alleged, it is unclear to the Court whether Plaintiff means that he started or ended his ten-year sentence on that date. Additionally, the Court cannot discern the timing of the alleged assault by Defendant's officers when Plaintiff was in the county jail. If it took place in 2003, then the occurrence of the acts underlying Plaintiff's Complaint far exceed the two-year statute of limitations for § 1983 claims in California, even if an additional two years for prisoner statutory tolling applied. Plaintiff has not alleged facts supporting the application of equitable tolling either. Therefore, Plaintiff's § 1983 claim appears to be time barred.

> **F.      <u>The Complaint Fails to State a Claim Against Defendant Under § 1983 Because It Does Not Allege a Custom, Policy, or Practice.</u>**

> **1.      Applicable Law.**

In <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), the Supreme Court held that § 1983 claims against local governments cannot rely solely on respondeat superior liability. <u>Id.</u> at 691. Instead, the plaintiff must allege that "the local government 'had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [they] suffered.'" <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 581 (9th Cir. 2007) (quoting <u>Galen v. City of L.A.</u>, 477 F.3d 652, 667 (9th Cir. 2007)).

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996), <u>holding modified on</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                    Date: February 4, 2026
                                                                                                Page 8

other grounds by <u>Navarro v. Block</u>, 250 F.3d 729 (9th Cir. 2001); <u>see also</u> <u>Thompson v. Los Angeles</u>, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), <u>overruled on other grounds by</u> <u>Bull v. City & Cnty. of San Francisco</u>, 595 F.3d 964, 981 (9th Cir. 2010).

To state a claim, a complaint must "specify the content of the policies, customs, or practices the execution of which gave rise to Plaintiffs' constitutional injuries." <u>Winger v. City of Garden Grove</u>, No. 13-cv-0267-AGR-NB, 2013 U.S. Dist. LEXIS 203817 at *9, 2013 WL 12376992 at *3 (C.D. Cal. Aug. 12, 2013) (citation omitted; denying motion to dismiss <u>Monell</u> claims where the complaint listed policies such as "failing to provide medical assistance to persons who are in obvious serious medical distress" and "failing to properly train police and fire department personnel to recognize symptoms of a stroke, and other serious medical conditions"); <u>see also</u> <u>AE ex rel. Hernandez v. Cnty. of Tulare</u>, 666 F.3d 631, 636-37 (9th Cir. 2012) (affirming dismissal of <u>Monell</u> allegations where the complaint broadly alleged that the defendants acted "under ordinances, regulations, customs, and practices of Defendant County of Tulare" and "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs").

### 2.    Analysis.

Plaintiff alleges that multiple officers at the Ventura County Jail assaulted him, after which he was charged with battery on a peace officer, and that he was imprisoned for nearly a decade on a drug charge. (Dkt. 1 at 4.)  The Complaint does not mention any custom, policy, or practice of Defendant County of Ventura and therefore fails to satisfy <u>Monell</u>.

## IV.   CONCLUSION.

IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is **dismissed without prejudice and with leave to amend**.  On or before **March 5, 2026**, Plaintiff shall respond to this order by filing *one* of the following:

1. File a First Amended Complaint that attempts to fix the problems discussed in this order.  If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned to this case (2:25-cv-12321-AH-KES) and be labeled "First Amended Complaint."  The

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                    Date: February 4, 2026
                                                                                     Page 9

First Amended Complaint will replace and supersede the original Complaint.  The First Amended Complaint should therefore be complete in and of itself without referring the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

2. If Plaintiff disagrees with the analysis in this screening order and/or believes he cannot add any more factual allegations to his Complaint, then he may file a Notice of Intent Not to File an Amended Complaint.  If Plaintiff chooses to file such a notice, then the Magistrate Judge may recommend that the District Judge dismiss the Complaint without further leave to amend.

3. File a Notice of Voluntary Dismissal of this action to conclude the entire case.  The dismissal would be without prejudice.

**If Plaintiff fails to timely respond to this order by exercising one of these options, this action may be dismissed for lack of prosecution.**[3]

---

[3] "[A] dismissal with leave to amend is not an appealable decision."  WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  "[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint."  Id.  "A final judgment must be obtained before the case becomes appealable."  Id. at 1137.  "[A] plaintiff may obtain an appealable final judgment by 'fil[ing] in writing a notice of intent not to file an amended complaint.'"  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004) (quoting WMX Techs., 104 F.3d at 1135).  If an action is dismissed for lack of prosecution, this may limit what arguments the Ninth Circuit will consider on appeal.  Id. at 1065 ("The difference between a dismissal under Rule 12(b)(6) and one under Rule 41(b) is not merely formal. … We review a Rule 41(b) dismissal only for abuse of discretion in applying the five factors … which pertain to the propriety of the sanction, not to the merits of the underlying question (such as whether a complaint states a claim). … Yet we review a Rule 12(b)(6) dismissal de novo, reviewing directly the question whether the plaintiff has stated a claim upon which relief could be granted.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                    Date: February 4, 2026
                                                                                        Page 10

A party proceeding <u>pro</u> <u>se</u> must keep the Court informed of the party's current address.  Local Rule 41-6.  If the Court sends mail to Plaintiff that is returned as undeliverable, and Plaintiff fails to file a notice of change of address within 14 days after the date when the Court mailed undeliverable document, then the Court may dismiss the action for failure to prosecute.  <u>Id.</u>

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints and Form CV-09 for voluntary dismissal.

Initials of Deputy Clerk <u>jd</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                    Date: February 4, 2026
                                                                                    Page 11

### TIPS FOR WRITING BETTER COMPLAINTS

### Plead "Facts" Rather than Just "Conclusions or Labels."

Your Complaint should include a label or conclusion that identifies your legal claim *and* the facts supporting it.  To make sure that you have both, you need to understand the difference between them. The following examples illustrate the difference:

| Pleading Conclusions or Labels | Pleading Facts |
| --- | --- |
| Officer Smith used excessive force. | Officer Smith punched me in the face while I was handcuffed. |
| Nurse Jones acted with deliberate indifference. | I saw Nurse Jones at the clinic.  I told her I was bleeding and she could see that I was bleeding, but she did nothing to help me until I passed out. |
| The Mayor violated my First Amendment rights. | When I posted a comment criticizing the Mayor's failure to enact police reforms, the Mayor deleted my comment and blocked me from posting future comments. |
| The officers conducted an unreasonable search. | The officers had a warrant to search for a stolen car, but they searched areas of my house where they knew they would not find a stolen car.  They searched all my kitchen cabinets and drawers. |
| Defendant injured me.  Defendant assaulted me. | Defendant kicked me in the shin, causing me to trip and break my wrist. |

Imagine that you hired a group of actors to reenact the wrongdoing that happened to you.  If you only gave them the information in left-hand column, then they could not act out the scene.  If you gave them the information in the right-hand column, then they would know how to act out the scene.  As a general rule, you should include enough facts in your Complaint that an actor reading it could act out what happened to you.

### Identify Who Did What.

One way to identify who did what is to avoid using "passive" verbs.  Consider these two sentences, the first of which uses a passive verb:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                        Date: February 4, 2026
                                                                                                    Page 12

I was hit by the ball.

My brother hit me with the ball.

The first sentence does not say who hit me. The second sentence, however, reveals that my brother is the person who hit me. Allegations in a complaint should be phrased like the second sentence. If you do not know the name of the person who acted wrongfully, then you can refer to them as "Doe." For example, you might refer to two unknown correctional officers as "CO Doe 1" and "CO Doe 2."

Another way to identify who did what is to use a particular Defendant's name rather than a group pronoun (like "they") or lumping all the Defendants together. For example:

| Unclear Who Did What | Clear Who Did What |
|---|---|
| Defendants searched my cell and took my property. | CO Smith and CO Jones searched my cell. When I came back, everything was out of place and my radio was gone. I believe one of them took it. |
| They refused my request for Kosher meals. | I submitted a request for Kosher meals and was interviewed by the chaplain. I later received a written denial of my request signed by Sgt. Smith. |
| I was denied necessary medical equipment. | I told Dr. Jones that my feet hurt and requested that she authorize orthotic inserts for my shoes, but she refused to do so. |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12321-AH-KES                                    Date: February 4, 2026
                                                                                    Page 13

| Free Legal Help for People without an Attorney | | |
|:---:|:---:|:---:|
| **Los Angeles** | **Santa Ana** | **Riverside** |
| *Location:*<br>Edward Roybal R. Federal Building and Courthouse<br>255 East Temple Street<br>Suite 170 (Terrace Level)<br>Los Angeles, CA 90012 | *Location:*<br>Ronald Reagan Federal Building and Courthouse<br>411 W. 4th Street<br>Room 1055 (1st Floor)<br>Santa Ana, CA 92701 | *Location:*<br>George E. Brown Federal Building<br>3420 Twelfth Street<br>Room 125<br>Riverside, CA 92501 |
| *Hours by appointment only:*<br>Monday, Wednesday, and Friday<br>9:30 am - 12:00 pm and<br>2:00 pm - 4:00 pm<br><br>To make an appointment or for more information, contact Public Counsel at:<br>(213) 385-2977, Ext. 270 | *Hours:*<br>Tuesday 1-4 p.m. (virtual by phone or Zoom)<br>Thursday 10 a.m.-12 p.m. and 1:30 - 3:30 p.m. (in person at the courthouse)<br><br>For more information, contact Public Law Center at:<br>(714) 541-1010, Ext. 222 | *Hours:*<br>Tuesday and Thursday<br>10 a.m. - 2 p.m.<br><br><br><br>For more information, contact Public Service Law Corporation at:<br>(951) 682-7968 |

**Due to the COVID-19 pandemic, the clinics' offices in the federal courthouses may be closed.  Any litigant seeking legal services should contact their local clinic to determine whether the clinic is open, or is offering legal advice via phone or email.**

**Visit the Court's website for further information:**
**http://prose.cacd.uscourts.gov/federal-pro-se-clinics**

**Superior Court of California**
**County of Ventura**

| Name | Mabb, James David | | | Case Number | 2003043046 |
|---|---|---|---|---|---|
| Citation Number | | Violation Date | 12/23/2003 | Case Status | Convicted |
| Arresting / Issuing Agency | Ventura County Sheriff Department | Offense Level | Felony | Mandatory Appearance | No |
| Disposition Date | 11/09/2004 | Appearance / Due Date | | | |
| Warrant Amount | | Warrant Date | | | |
| | | | | Case Balance | $20.00 |

## Scheduled Hearings

**No Results.**

## Violations

| Violation | Offense | Correctable | Plea | Disposition |
|---|---|---|---|---|
| 243(c)(2) PC | Felony | N | Guilty | Pled guilty |
| Battery Upon a Peace Officer | | | | |
| 667S3 PC | Felony | N | | Dismissed |
| S/A - Prior - Strike 3 | | | | |
| 667.5(b) PC | Felony | N | Admitted | Found True |
| S/A - Prior - Prior Any Felony | | | | |
| 667S2 PC | Felony | N | Admitted | Found True |
| S/A - Prior - Strike 2 | | | | |
| 243(c)(2) PC | Felony | N | Not Guilty | Dismissed |
| Battery Upon a Peace Officer | | | | |
| 667.5(b) PC | Felony | N | | Dismissed |
| S/A - Prior - Prior Any Felony | | | | |
| 667.5(b) PC | Felony | N | | Dismissed |
| S/A - Prior - Prior Any Felony | | | | |
| 69(a) PC | Felony | N | Not Guilty | Dismissed |
| Resisting Executive Officer | | | | |
| 667S3 PC | Felony | N | | Dismissed |
| S/A - Prior - Strike 3 | | | | |
| 667.5(b) PC | Felony | N | | Dismissed |
| S/A - Prior - Prior Any Felony | | | | |
| 667.5(b) PC | Felony | N | | Dismissed |
| S/A - Prior - Prior Any Felony | | | | |
| 69(a) PC | Felony | N | Not Guilty | Dismissed |
| Resisting Executive Officer | | | | |
| 667S3 PC | Felony | N | | Dismissed |

| S/A - Prior - Strike 3 | | | | |
|---|---|---|---|---|
| 667.5(b) PC | Felony | N | | Dismissed |
| S/A - Prior - Prior Any Felony | | | | |
| 667.5(b) PC | Felony | N | | Dismissed |
| S/A - Prior - Prior Any Felony | | | | |
| 667.5(b) PC | Felony | N | Admitted | Found True |
| S/A - Prior - Prior Any Felony | | | | |
| 667S3 PC | Felony | N | | Dismissed |
| S/A - Prior - Strike 3 | | | | |

**Superior Court of California**
**County of Ventura**

| Name | Mabb, James David | | | Case Number | 2003029046 |
|---|---|---|---|---|---|
| Citation Number | | Violation Date | 09/03/2003 | Case Status | Convicted |
| Arresting / Issuing Agency | Ventura County Sheriff Department | Offense Level | Felony | Mandatory Appearance | No |
| Disposition Date | 11/09/2004 | Appearance / Due Date | | | |
| Warrant Amount | | Warrant Date | | | |
| | | | | Case Balance | $20.00 |

## Scheduled Hearings

**No Results.**

## Violations

| Violation | Offense | Correctable | Plea | Disposition |
|---|---|---|---|---|
| 11379(a) HS | Felony | N | Guilty | Pled guilty |
| Transportation Of A Controlled Substance | | | | |
| 667S3 PC | Felony | N | Denied | Stricken |
| S/A - Prior - Strike 3 | | | | |
| 667.5(b) PC | Felony | N | Admitted | Stricken |
| S/A - Prior - Prior Any Felony | | | | |
| 667S2 PC | Felony | N | Admitted | Found True |
| S/A - Prior - Strike 2 | | | | |
| 11378 HS | Felony | N | Guilty | Pled guilty |
| Possession For Sale Of A Controlled Substance | | | | |
| 11370.2(c) HS | Felony | N | Admitted | Found True |
| S/A-Prior-Controlled Substance Prior | | | | |
| 667S3 PC | Felony | N | Denied | Stricken |
| S/A - Prior - Strike 3 | | | | |
| 667.5(b) PC | Felony | N | Admitted | Found True |
| S/A - Prior - Prior Any Felony | | | | |
| 667.5(b) PC | Felony | N | Admitted | Found True |
| S/A - Prior - Prior Any Felony | | | | |
| 667S2 PC | Felony | N | Admitted | Found True |
| S/A - Prior - Strike 2 | | | | |
| 11377(a) HS | Felony | N | Not Guilty | Dismissed |
| Possession Of A Controlled Substance | | | | |
| 667S3 PC | Felony | N | Denied | Stricken |
| S/A - Prior - Strike 3 | | | | |

| 667.5(b) PC | Felony | N | Denied | Dismissed |
|---|---|---|---|---|
| S/A - Prior - Prior Any Felony | | | | |
| 667.5(b) PC | Felony | N | Denied | Dismissed |
| S/A - Prior - Prior Any Felony | | | | |
| 11550(a) HS | Misdemeanor | N | Not Guilty | Dismissed |
| Under Influence of a Controlled Substance | | | | |
| 11370.2(c) HS | Felony | N | Admitted | Found True |
| S/A-Prior-Controlled Substance Prior | | | | |
| 667.5(b) PC | Felony | N | Admitted | Found True |
| S/A - Prior - Prior Any Felony | | | | |